UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

MILES LEWIS,

        Petitioner,

v.                                         Case No. 2:16-CV-137

SHANE PLACE,                         HON. GORDON J. QUIST

        Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Petitioner, Miles Lewis, has filed an objection to the June 28, 2016 Report and Recommendation (R & R), in which the magistrate judge recommended that the Court deny the habeas corpus petition as time-barred. Pursuant to 28 U.S.C. § 636(b)(1), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a *de novo* review of the R & R and Petitioner's Objection, the Court will adopt the R & R and overrule Petitioner's Objection.

The R & R thoroughly explains how the one-year limitations period in § 2244(d)(1)(A) is measured. Petitioner argues, however, that the limitations period began to run when the state court rejected his post-conviction petition, rather than at the conclusion of direct review, as the statute directs. Petitioner provides no legal basis for his argument, and it is in direct contradiction to the statute. Furthermore, to the extent that Petitioner asserts an equitable tolling argument, he has not demonstrated that he pursued his rights diligently or that some extraordinary circumstance prevented him from filing a timely petition. *See Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011).

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if a petitioner has demonstrated "a substantial showing of a denial of a constitutional right." *Id.* The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore,

**IT IS HEREBY ORDERED** that the Report and Recommendation (ECF No. 2) is **ADOPTED** as the Opinion of the Court, and the Petition (ECF No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Objection (ECF No. 4) is **OVERRULED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

This case is concluded.

A separate judgment will issue.

Dated: July 27, 2016                             /s/ Gordon J. Quist
                                                 GORDON J. QUIST
                                                 UNITED STATES DISTRICT JUDGE